UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Kevin Alan Pack,

    Defendant.

Criminal No. 04-338 (JNE/RLE)
Civil No. 10-126 (JNE)
ORDER

On February 22, 2005, Kevin Alan Pack was sentenced to 30 months' imprisonment after pleading guilty to escape. *See* 18 U.S.C. § 751(a) (2006). His escape conviction was classified as a crime of violence and Pack as a career offender. The Court calculated a guideline range of 37 to 46 months' imprisonment based on a total offense level of 14 and a criminal history category of VI. The Court granted Pack's motion for a downward departure and sentenced him to 30 months' imprisonment. Pack did not appeal.

On January 15, 2010, Pack moved for a reduction in his sentence under 28 U.S.C. § 2255 (2006). Pack alleged that the sentence imposed was excessive because the Court erroneously classified his unarmed "walkaway" escape offense as a crime of violence. *See Chambers v. United States*, 129 S. Ct. 687, 691-93 (2009). According to Pack, this error led the Court to erroneously classify him as a career offender. On March 30, 2010, Pack placed into the prison mailing system a motion to amend his § 2255 motion to assert a claim of ineffective assistance of counsel for failure to appeal. Pack's motion to amend is therefore deemed filed as of March 30, 2010. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). The motion to amend was docketed on April 12, 2010, after the Court denied Pack's § 2255 motion as procedurally defaulted and not cognizable under § 2255 on April 5, 2010. Pack now seeks reconsideration of

1

his § 2255 motion because the Court issued the April 5 Order without the benefit of his motion to amend.

Pack maintains that his total offense level would have been 10 and his criminal history category V if he had not been classified as a career offender, resulting in a guideline range of 21 to 27 months. Had Pack not been sentenced as a career offender, however, his total offense level would have been 11, not 10, resulting in a guideline range of 24 to 30 months based on a criminal history category of V.[1] Based on its review of the record, the Court concludes that a sentence of 25 months is appropriate. The Court therefore reduces Pack's sentence to 25 months' imprisonment.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Pack's motion for leave to amend his motion for relief under 28 U.S.C. § 2255 [Docket No. 38 in Criminal No. 04-338] is GRANTED.

2. Pack's motion for reconsideration [Docket No. 39 in Criminal No. 04-338] is GRANTED.

3. Pack's amended motion for relief under 28 U.S.C. § 2255 [Docket No. 38 in Criminal No. 04-338] is GRANTED, and Pack's sentence of 30 months' imprisonment for his escape conviction is REDUCED to 25 months' imprisonment.

4. The Clerk of Court shall send copies of this Order to Pack and to the prison officials at the institution where Pack is incarcerated.

Dated: May 12, 2010

                                                              s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1] The base offense level for a violation of 18 U.S.C. § 751(a) is 13. U.S. Sentencing Guidelines Manual § 2P1.1(a)(1) (2004). As a career offender, Pack received a 3-point reduction for acceptance of responsibility because the offense level before any application of § 3E1.1(a) was 17. *See id.* § 3E1.1(b). Had Pack not been classified as a career offender, he would have received only a 2-point reduction for acceptance of responsibility, reducing the base offense level to 11. *See id.* § 3E1.1(a).